# IN THE COURT OF APPEALS OF IOWA

No. 16-1999
Filed January 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ISAIAH THOMAS PAUL MOTHERSHED,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.


A defendant appeals his convictions for four counts of first-degree robbery and two counts of attempted murder following a jury trial. **AFFIRMED.**


Mark C. Smith, Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A group of individuals committed four robberies in Sioux City. Shots were fired during one of the four robberies, and a police officer involved in apprehending suspects was shot following the fourth robbery.

The State charged Isaiah Thomas Paul Mothershed with several crimes. A jury found him guilty of four counts of first-degree robbery and two counts of attempted murder. On appeal, Mothershed contends (1) insufficient evidence supported the finding of guilt on one of the attempted murder counts and (2) his trial attorney was ineffective in failing to seek severance of the four robbery counts.

## I. Sufficiency of the Evidence

The jury was instructed the State would have to prove the following elements on the first count of attempted murder:

> (1) On or about February 5, 2016, in Woodburry County Iowa, Isaiah Mothershed fired or discharged a firearm, (2) By this action, Isaiah Mothershed expected to set in motion a force or chain of events which would cause or result in the death of Andrea Mann, and (3) When he discharged the firearm, Isaiah Mothershed had the specific intent to cause the death of Andrea Mann.

Mothershed challenges the evidence supporting the third, specific intent element. He argues "the evidence at most shows that [he] merely wanted to scare [Ms. Mann]," "[t]here was no indication of how close she really was to getting hit," and "testimony from [an accomplice] further suggests [he] did not intend to cause [Ms. Mann's] death."

Specific intent was defined for the jury as "not only being aware of doing an act and doing it voluntarily; but, in addition, doing it with a specific purpose in mind." The jury was further instructed:

Because determining a person's specific intent requires you to decide what he or she was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the person's specific intent. You may, but are not required to, conclude a person intends the natural results of his or her acts.

A reasonable juror could have found the following facts. Several people, including Mothershed, broke into a home in search of money and guns. Lucas and Andrea Mann returned home during the break-in. Lucas Mann ran into the house. Andrea Mann stayed outside and called 911. She testified, "[As] I was talking to [the] 911 [dispatcher], someone ran from the side of the house and turned and shot at me." She continued, "He had turned and shot at me and I saw, like, an orange flare come out of the tip, and I thought that it was aimed directly at me."

An accomplice testified Mothershed fired the shot. Although he opined the shot was "not really in [Andrea Mann's] direction," a reasonable juror could have given greater credence to Mann's testimony. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence and credit other evidence." (alteration in original) (quoting *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012))). Substantial evidence supports the specific intent element and the jury's finding of guilt for attempted murder of Andrea Mann.

## II. Ineffective Assistance

Mothershed claims "counsel was ineffective for failing to move to sever the four charges of first-degree robbery in Counts 2, 3, 5, and 6 of the trial information." To prevail, Mothershed must prove (1) breach of an essential duty and (2)

prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find the record adequate to address the issue. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017); *State v. Mutchler*, No. 11-0007, 2012 WL 3026914, at *5 (Iowa Ct. App. July 25, 2012).

Our de novo review of the record reveals the following pertinent history. Mothershed's trial attorney tried and failed to sever two counts from the remaining counts—the robbery charge in count 6 and the attempted murder charge in count 7. In light of the district court's rejection of his motion, counsel had every reason to believe a motion to sever the robbery counts from each other would have suffered a similar fate.

The evidence also supported a finding of a common scheme or plan, allowing the counts to be charged in a single trial information, as provided in Iowa Rule of Criminal Procedure 2.6(1).[1] "[T]ransactions or occurrences are part of a common scheme or plan . . . when they are the products of a single or continuing motive." *State v. Romer*, 832 N.W.2d 169, 181 (Iowa 2013) (quoting *State v. Elston*, 735 N.W.2d 196, 198 (Iowa 2007)). Factors to consider include "intent, modus operandi, and the temporal and geographic proximity of the crimes." *Id.* (quoting *Elston*, 735 N.W.2d at 199).

As the district court stated, "The crimes all allegedly took place in close geographic proximity to each other, within Sioux City, Iowa." The four robberies

---

[1] The rule states:

> Two or more indictable public offenses which arise from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan, when alleged and prosecuted contemporaneously, shall be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

occurred within nine days.  The individuals who participated in the crimes generally dressed in black, and some wore masks.  They carried guns; Mothershed used the same Glock pistol in each robbery.

We conclude counsel breached no essential duty in failing to move for severance of the robbery counts.  *See State v. Oetken*, 613 N.W.2d 679, 689 (Iowa 2000) (finding that "similar methods of operation" for multiple burglaries constituted sufficient evidence of a common scheme); *State v. Tekippe*, No. 07-1840, 2009 WL 1492660, at *6 (Iowa Ct. App. May 29, 2009) (rejecting an ineffective-assistance-of-counsel claim where defendant's "twelve offenses occurred over a two-year time frame," which was not too long, given his continuing motive to obtain cocaine).

We affirm Mothershed's convictions for four counts of first-degree robbery and two counts of attempt to commit murder.

**AFFIRMED.**